**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SONYA CHAPMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | )   No. 3:15-CV-2198-D |
| | ) |
| **DR. BRENT BENDER,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

After making an independent review of the pleadings, files, and records in this case, and the findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

In her objections filed on August 4, 2015, plaintiff contends, in relevant part, that she has pleaded federal question claims. The court disagrees. First, in her objections, she has not identified what her federal question claims are. Second, even if she is attempting to assert a cause of action that *could* qualify as a federal question claim, no such claim is pleaded in her complaint. And third, assuming she is trying to identify a claim that would be available under federal law (such as constitutional challenge to the Texas two-year statute of limitations), she appears to have sued the wrong defendant.

In her objections, plaintiff asks that the court "grant her a grace period in which to proceed with her case in state court and that her case be transferred to state court" if the court concludes that it should be dismissed for lack of subject matter jurisdiction. The court declines to transfer the case to state or county court because there is no provision under the law for doing so. And although the court cannot grant plaintiff's request for a "grace period," it notes that Texas law tolls the limitations

period when a lawsuit that is filed in federal court is dismissed for want of jurisdiction.

**SO ORDERED**.

August 6, 2015.

                                        SIDNEY A. FITZWATER
                                        UNITED STATES DISTRICT JUDGE

2